FREDERICK L. DE GRAUW, Respondent, *v.* GEORGE F. SCHMID, Appellant.

*Partnership — an injunction to restrain the use of the firm name and trade marks by a surviving partner.*

In an action brought by the son of a deceased partner and the legatee under his will of his interest in the good will of the business, and in the firm name and trade marks belonging to the firm (in case the son wished to continue the business), a preliminary injunction, restraining the use of the firm name and trade marks, will not be granted against a surviving partner — although, under the articles of copartnership, he has agreed that, if the copartnership should be dissolved, he (the surviving partner) was to retire from the firm, and the other partner (the decedent) was to have the sole and exclusive right, either alone or in conjunction with other partners, to continue the business at the place where the same, at the time of such dissolution, should be carried on, and to the exclusive use of said firm name and of its trade marks, and to the good will of the business, and that such surviving partner should not be entitled to receive or be credited with anything therefor — where such surviving partner has, in fact, after the death of his copartner, conducted the business for a short time under an agreement with the latter's executors, and has then bought all of the stock of the firm, and has continued the business under the old name, with the acquiescence of the executors and the son of the deceased partner — the latter remaining in the employment of such surviving partner for a period of four years, at the end of which time the action was brought.

*Quære,* as to the effect in such a case of the Partnership Law (Chap. 420 of the Laws of 1897).

APPEAL by the defendant, George F. Schmid, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 6th day of February, 1899, granting the plaintiff's motion for a temporary injunction.

*Edmund L. Baylies,* for the appellant.

*Samuel Roberts Taylor,* for the respondent.

INGRAHAM, J.:

The action was commenced to restrain the defendant from doing business under the firm name of De Grauw, Aymar & Co., and from selling or offering for sale any articles under certain trade marks alleged in the complaint. The firm of De Grauw, Aymar & Co. was established many years ago by the plaintiff's grandfather. The business was continued by the plaintiff's father, Walter N. De Grauw, who subsequently bought out the interests of the other members of the firm, and, on the 1st day of January, 1881, the defendant became a member of the firm, which then consisted of the plaintiff's father and the defendant. The plaintiff's father died in 1894, when the defendant continued the business of the firm of which he had before been a member under the old firm name. The copartnership agreement between the defendant and the plaintiff's father, which was executed on the 1st day of January, 1881, provided that "the copartnership business is to be carried on under the firm name or style of 'De Grauw, Aymar & Co.'" It also provided for the contribution of capital by De Grauw and that the defendant's contribution of capital should consist of the surplus of his shares of the profits of the business remaining after drawing out for living expenses a sum not to exceed $2,000 per year; the net profits of the business to be divided, four-fifths to De Grauw and one-fifth to the defendant. It was further provided that, if the copartnership should be dissolved, the defendant was to retire from the firm and the said De Grauw was to have the sole and exclusive right, either alone or in conjunction with other partners, to continue the business at the places where the same, at the time of said dissolution, should be carried on; and to the exclusive use of said firm name and of its trade marks and to the good will of the business, and that the said

defendant should not be entitled to receive or be credited with anything therefor.

On February 28, 1883, the defendant's interest in the profits of the firm was increased from one-fifth to one-fourth. This partnership continued until the death of De Grauw on November 23, 1894. After his death the business of the firm was continued by agreement between the defendant and De Grauw's executors until December 31, 1894, and on the 1st day of January, 1895, all the stock of the firm was appraised and was sold by De Grauw's executors to the defendant at the appraised value. After January 1, 1895, the business was carried on by the defendant under the old firm name of De Grauw, Aymar & Co. The plaintiff continued in the employ of this new firm down to the 1st day of January, 1899, when he voluntarily withdrew, stating that he intended to set up business for himself. By the will of De Grauw, which is annexed to the complaint, the deceased gave to his son (the plaintiff) his interest in the good will of the said business and in the firm name and trade marks belonging to the said firm in case he wished to continue said business, either alone or with the surviving partner. Thus, upon the death of De Grauw, the defendant became the surviving partner. The business of the firm was continued under an agreement between the executors of the deceased partner and the defendant as surviving partner until December 31, 1894, and on the 1st day of January, 1895, the defendant, the surviving partner, purchased from the executors of the deceased partners the interest of the estate in the firm. The business previously carried on by this copartnership was continued by the surviving partner under the old firm name. Neither the plaintiff nor the executors appear to have objected to this.

The Partnership Law (§ 20, chap. 420, Laws of 1897) provides for the continuance of a partnership or business name. A copartnership in this State having business relations with foreign countries, or which has transacted business in this State for not less than three years, and which continues to be conducted by some or any of the partners, their assignees or appointees, may be continued under the old partnership name; or where a majority of the members of a general or limited partnership, formed under the laws of this State, are about to discontinue its business within the State and a new copartnership

is about to be formed by a majority of the partners, general or special, or the survivors thereof; or where such majority of the partners, or the surviving members thereof, shall consent, in writing, to the use of such firm or corporate name by a new general or limited copartnership; or where a resident of this State dies who, at the time of his death and for at least five years immediately prior thereto, conducted and carried on in his sole name any business in this State, the right to use the name of such person for the purpose of continuing and carrying on such business survives and passes to be disposed of, and accounted for, as part of the personal estate of such deceased person, and such business may be continued and carried on under such name by any person who comes into the legal possession thereof.

This statute would not give the plaintiff the right to commence a business, using the firm name under which the business had been transacted, where the defendant, the surviving partner of the firm that had transacted such business, had continued to transact business under the old firm name. The plaintiff was not a partner in the old firm, and he did not continue the business. The defendant was such a partner and continued the business, and he would be entitled, under the statute, to the use of the firm name under which the business had been conducted. The provision of the copartnership articles which gave to Walter N. De Grauw, Jr., the sole and exclusive right to continue the business, and the exclusive use of the said firm name, evidently related to a dissolution of the firm during the lifetime of the said De Grauw. He personally was to have the right to continue the business and to use the firm name, but there was nothing in the copartnership articles which would tend to show that the defendant agreed that, upon the death of De Grauw, he should at once relinquish, for the benefit of the plaintiff, his interest in the business, to the establishing of which he had devoted many years of his life, or that he would then give up his right under the law to continue the business, and to use the name by which the business had been known.

But even assuming that De Grauw's executors, under this copartnership agreement, might insist upon their right to the firm name as a portion of the assets of the estate, or that the plaintiff acquired any right under the will to the name of the firm, it would seem that

that right was lost by the dealing of the deceased partner's executors and the plaintiff with the defendant. Upon the death of De Grauw his executors continued the business with the defendant, and received from the copartnership their proportion of the profits until January 1, 1894, when the value of the estate in the assets of the copartnership was ascertained and paid to the estate. The defendant, as surviving partner, then continued the business with the assets thus purchased from the estate of his deceased partner, as he had a right to do under the provisions of the Partnership Law before cited, and which were substantially re-enactments of the law in force at the time of the dissolution of this copartnership by the death of one of the partners. It would be extremely unjust now to allow this plaintiff to enforce any right which he might have had at the time of the dissolution of the copartnership and to come in and use this firm name which has acquired additional value by the efforts of the defendant, when the use of the firm name was continued by the defendant at least with the acquiescence of the executors of the estate and the plaintiff. That this business has become valuable is apparent. It is also apparent that the personal efforts of the defendant in the management and conduct of the business have been largely instrumental in creating this value. Under the provisions of the statute before cited, the defendant is entitled to continue this business under the firm name in use before the dissolution. There is nothing in the copartnership articles that prevented him from exercising the right given to him by law after the death of his partner, and he has continued the business solely for his own benefit, with his own capital, since January 1, 1894.

Upon the papers presented to the court below we do not think that a preliminary injunction should have been granted. Upon the trial of the action other facts may appear which will justify the interference of a court of equity, but this order should be reversed with ten dollars costs and disbursements, and the motion for a temporary injunction denied, with ten dollars costs.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and MCLAUGHLIN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.